UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: _____

BALBINA CACERES MARTIN, individually,
and as Personal Representative of the Estate
of ARTURO MARTIN, deceased,

    Plaintiff,

vs.

SALSON LOGISTICS, INC. and
CEDRICK SAMUEL WILSON,

    Defendants.

_____

## **DEFENDANT, CEDRICK SAMUEL WILSON'S NOTICE OF REMOVAL**

Defendant, Cedrick Samuel Wilson. ("Wilson"), by its attorneys and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal with respect to the above captioned case, which was filed and is currently pending in the Circuit Court of the Eleventh Judicial Circuit in an for Miami-Dade County, Florida, Case No. 19-031296-CA-21. In support of its Notice of Removal, Wilson states as follows:

### **BACKGROUND**

1.    On October 23, 2019, Plaintiff, Balbina Caceres Martin, individually, and as Personal Representative of the Estate of Arturo Martin, deceased ("Plaintiff") filed a Complaint in the Circuit Court of the Eleventh Judicial Circuit in an for Miami-Dade County, Florida, captioned *Balbina Caceres Martin, individually, and as Personal Representative of the Estate of Arturo Martin, deceased v. Salson Logistics, Inc.*, Case No.: 19-031296-CA-21.

2. On November 27, 2019, Plaintiff filed an Amended Complaint in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, adding Cedrick Samuel Wilson ("Wilson") as an additional defendant.

3. Plaintiff's Amended Complaint stems out of a motor vehicle accident that occurred on June 24, 2019 in Miami-Dade County, Florida.

4. In his Amended Complaint, Plaintiff alleges that Salson owned, leased, operated, and/or maintained a semi-tractor that was being operated by its driver, Wilson who negligently operated and/or maintained the semi-tractor when it collided with the decedent, who was operating a scooter. (Amend. Compl. ¶¶ 13–14.)

5. Despite several attempts to serve Wilson with Summons and Complaint, Plaintiff was unable to effectuate service on Wilson.

6. On January 9, 2020, Plaintiff filed an Alias Civil Action Summons pursuant to Fla. Stat. § 48.171 to Wilson through the Florida Secretary of State.

7. On January 9, 2020, the Alias Civil Action Summons was issued by the Clerk of Court for Miami-Dade County, Florida. Therefore, pursuant to Fla. R. Civ. P. 1.070 and Fla. Stat. § 48.171, the effective date of service on Wilson is January 9, 2020.

8. Pursuant to 28 U.S.C. § 1446(a), Wilson has attached a copy of all documents in the State Court Action as exhibits.

9. In compliance with 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days after service on the Complaint.

10. Removal to this Court is proper, as the State Court Action was filed in Miami-Dade Circuit Court, and there this is "the district court of the United States for the district and division

within which such action is pending." 28 U.S.C. § 1446(a).  Additionally, the Amended Complaint alleges the cause of action accrued in Miami-Dade County.

## BASIS FOR DIVERSITY JURISDICTION

11. This action is removable under 28 U.S.C. § 1441 because it is a civil action over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  The requirements of 28 U.S.C. § 1332(a) have been met because, based on the face of Plaintiff's pleading at the time of removal, there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.  *See Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1287 (11th Cir. 2011); *see also* 28 U.S.C. § 1332(a).

### Diversity of Citizenship Between Plaintiff and Defendants

12. Plaintiff is a citizen of the State of Florida and has resided in Miami-Dade County, Florida at all times material to the claims asserting in the Amended Complaint.  (Amend. Compl. ¶ 2.)

13. Defendant, Salson Logistics, Inc. ("Salson") is a New Jersey corporation with its principal place of business in Newark, New Jersey.  A corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.  *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010).  A corporation's principal place of business is the place where the corporation's officers direct, control, and coordinate the corporation's activity, and, in practice, that place "should normally be the place where the corporation maintains its headquarters."  *Id.* at 92–93.  Seeing that Salson's principal place of business is located in New Jersey, Salson is a citizen of New Jersey.

14. Defendant, Wilson is a citizen of the State of Georgia and has resided in Georgia at all times material to the claims asserted in the Amended Complaint.  (Amend. Compl. ¶ 4.)

**Amount in Controversy**

15.     In addition to diverse citizenship of the parties, diversity jurisdiction requires an amount in controversy that exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332.  Plaintiff does not claim a specific amount of damages in his Complaint, so the Court must look at the face of the Complaint and any other relevant evidence submitted with the notice of removal when deciding whether the $75,000 threshold is met.  *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (2001).

16.     Here, Plaintiff's Complaint alleges that this is a wrongful death action for damages stemming out of a motor vehicle accident that resulted in Plaintiff's death.  While Plaintiff alleges that the damages sought are in excess of $15,000, he does not specify the amount of damages.

17.     Based on the damages sought in Count I (claim against Salson) and Count II (claim against Wilson), however, it is clear that the damages sought are in excess of the $75,000 threshold, exclusive of interest and costs.  (Amend. Compl. ¶¶ 11(a)-(b), 12(a)–(c), 19(a)–(b), 20(a)–(c).)

18.     Plaintiff seeks to recover damages for the Estate of Arturo Martin as well as damages for his surviving spouse, Balbina Caceres Martin.  (Amend. Compl. ¶¶ 11(a)-(b), 12(a)–(c), 19(a)–(b), 20(a)–(c).)

19.     While it is impossible to know the precise amount that Plaintiff is seeking to recover, based on the allegations of the Amended Complaint, this case undoubtedly qualified for diversity jurisdiction.

20.     In sum, because this action is between citizens of different states and the amount in controversy clearly exceeds $75,000, exclusive of interest and costs, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1441(a).

## VENUE AND ADMINISTRATIVE NOTICE

21. This action is pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. Therefore, venue for purposes of removal is proper in this Court pursuant to 28 U.S.C. § 1441(a).

22. A Notice of Filing with a true and correct copy of this Notice of Removal attached thereto will be filed with the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, and served on Plaintiff, in accordance with the provisions of 28 U.S.C. § l446(d).

23. The undersigned has read this Notice of Removal, and to the best of the undersigned's knowledge, information, and belief, formed after reasonable inquiry, certifies that Wilson's factual allegations have evidentiary support, and its legal contentions are warranted by existing law. The undersigned also certifies that this Notice of Removal is not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needless increase in the cost of litigation.

WHEREFORE, Defendant, CEDRICK SAMUEL WILSON remove this case from the Circuit Court for Miami-Dade County, Florida to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §§ 1332 and 1441.

**(CERTIFICATE OF SERVICE ON THE FOLLOWING PAGE)**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent by electronic filing with the Clerk of the Court via CM/ECF, which will send notice of electronic filing to all counsel of record on January 31, 2020.

> **BAUMANN, GANT & KEELEY, P.A.**
> Attorneys for Defendant,
> *CEDRICK SAMUEL WILSON*
> 1401 East Broward Boulevard, Suite 200
> Fort Lauderdale, FL 33301
> Phone: (954) 440-4611
> Fax: (954) 440-4613
>
> */s/ Gary Baumann*
> Gary F. Baumann, Esq.
> FL Bar No.: 089052
> gbaumann@baumannlegal.com
> Michael J. Pedowitz, Esq.
> FL Bar No.: 1002540
> mpedowitz@baumannlegal.com